RICHARD R. PATCH (State Bar No. 88049)
LAUREN S. KOWAL (State Bar No. 224976)
WILLIAM A. CHRISTOPHER (State Bar No. 271124)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone:  415.391.4800
Facsimile:   415.989.1663
Email:        ef-rrp@cpdb.com
                  ef-lsk@cpdb.com
                  ef-wac@cpdb.com

Attorneys for Defendant
DISH NETWORK L.L.C.


ANDRÉ E. JARDINI (State Bar No. 71355)
aej@kpclegal.com
K.L. MYLES (State Bar No.. 243272)
klm@kpclegal.com
KNAPP, PETERSEN & CLARKE
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
Telephone:  (818) 547-5000
Facsimile:   (818) 547-5329

Attorneys for Plaintiffs
DAVID MELAMED, an individual,
and ISSAM ALSHAER, an individual,
on behalf of themselves and those similarly situated

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DAVID MELAMED, an individual, and ISSAM ALSHAER, an individual, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISH NETWORK L.L.C,,<br><br>Defendant. | Case No. 12-8941 DSF (SSx)<br><br>**Discovery Document: Referred to Magistrate Judge Suzanne H. Segal**<br><br>CLASS ACTION<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Good cause appearing, and in conformance with the parties' agreement:

    **IT IS HEREBY ORDERED** that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be, and is hereby, entered.

    1.    Good Cause Statement.  The parties anticipate that the issues raised in this action may call for the production of documents and/or information that comprise or reflect proprietary and/or competitively sensitive information used in, or pertaining to, a party's or third party's business, including the business of Defendant DISH Network L.L.C., which is not generally known and which the party or nonparty would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, confidential contracts and agreements, current and future business plans, subscriber data, and marketing documents.  This Protective Order is intended to permit the exchange of such information in connection with this action without losing the information's confidentiality.

    2.    This Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, and other information hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty in connection with this action which any party or nonparty (whether or not it furnished the materials or information) designates as "CONFIDENTIAL".  The designation of "CONFIDENTIAL" is intended to encompass materials and information of whatsoever nature that the designating party or nonparty in good faith believes comprise or reflect proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party or nonparty would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, and marketing documents.  A party or

nonparty (whether or not it furnished the materials or information) may also designate discovery materials and information provided in this litigation as "CONFIDENTIAL" when that party or nonparty has a good faith belief that such materials and information are particularly competitively sensitive and competitively relevant at the time of production and therefore require a heightened level of protection.

3. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a designating party's attention that the designating party mistakenly identified information or items for protection that do not qualify for protection at all or do not qualify for the level of protection initially asserted for protection, the designating party must promptly withdraw the mistaken designation.

4. Unless otherwise designated by the producing party, any documents produced in this action that were previously produced in a litigation, investigation or other proceeding shall be treated as "CONFIDENTIAL" if such documents were labeled in that litigation, investigation or other proceeding as "Confidential", "FOIA Confidential Treatment Requested", "Restricted", "Subject to Protective Order", or bear any other designation indicating that their confidentiality should be preserved.

5. Materials and information governed by this Protective Order shall be used by any recipients solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and such information shall not be disclosed to anyone except as provided herein.

6. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by a party or nonparty pursuant to Paragraphs 4 through 8 of this Protective Order.

7. The designation of information or materials for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

   a. In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing a plainly visible confidentiality designation legend to: (i) each page containing any confidential information or materials; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or materials disclosed and sought to be protected hereunder. The term "document," as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "documents and electronically stored information" as defined in Rule 34 of the Federal Rules of Civil Procedure, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

   b. In the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated hereunder; or (ii) by written notice of such designation sent by counsel to all parties within five (5) court days after the deposition. (For the elimination of doubt, email notification constitutes written notification under this Protective Order.) The parties

1  shall treat all deposition and other pretrial and trial testimony as
2  "CONFIDENTIAL" under this Protective Order until the expiration of five (5) court
3  days after the deposition. Unless designated as confidential pursuant to this
4  Protective Order, any confidentiality is waived after the expiration of the 5-day
5  period unless otherwise stipulated or ordered. The parties may modify this
6  procedure for any particular deposition or proceeding through agreement on the
7  record at such deposition or proceeding or otherwise by written stipulation, without
8  approval of the Court. If the contents of any document or information designated
9  under this Protective Order is referenced during the course of a deposition, that
10 portion of the deposition record reflecting such confidential information shall also
11 be treated with the same confidential protection as that document or information.

         c.   A party or nonparty furnishing documents and things to parties shall have the option to require that all or batches of documents and things be treated as confidential during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

    8.   Information or materials designated as "CONFIDENTIAL" under this Protective Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

         a.   Outside counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation.

   b. The parties (including party affiliates) and their directors, officers, executives, in-house counsel, employees and representatives, to the extent necessary or appropriate to the prosecution or defense of this litigation.

   c. Subject to Paragraphs 7 and 8 herein, persons who are expressly retained or sought to be retained by a party or parties as outside consultants or testifying experts, such as economists, statisticians, accountants, industry or technical experts, and the employees or support staff of such consultants or experts; provided that the disclosure of such material to any persons under this subparagraph shall only be to the extent necessary to perform their work in connection with this litigation.

   d. Subject to Paragraph 8 herein, any other persons who are designated to receive information or materials designated "CONFIDENTIAL" by order of this Court after notice to the parties, or by written stipulation of the designating party or parties.

   e. Subject to Paragraph 8 herein, any person of whom testimony is taken, or is scheduled to be taken, in this action and whom counsel for the examining or preparing party reasonably believes in good faith to have authored or previously received or reviewed such material in the course of business. In addition, to the extent the information or material purports to describe the conduct or statements of the person, he or she may be shown the particular portion of the information or material purporting to describe his or her conduct or statements, but only that portion and not the remainder of the information or material. Witnesses may review deposition testimony of another witness designated "CONFIDENTIAL" (as well as testimony that is subject to the 5-day period provided for by Paragraph 5(b)), any with respect to matters that directly refer to the witness or describe statements made by or actions taken by such witness. No individual who is shown confidential information or materials or testimony pursuant to this subsection shall

be permitted to retain or keep copies of the confidential material or testimony shown under any circumstances.

  f. The Court and Court personnel.

  g. Subject to Paragraph 8 herein, court reporters, interpreters, and videographers employed in connection with this action.

  9. For the purposes of this Protective Order, an outside consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

  10. Each person set forth in Paragraphs 6 and 7 who is not (i) outside counsel for a party (or staff or supporting personnel of outside counsel for a party, as defined in subparagraphs 6(a)); (ii) inside counsel for a party (pursuant to subparagraph 6(b)), or staff or supporting personnel of such inside counsel; or (iii) the Court or Court personnel to whom information or materials designated under this Protective Order are to be disclosed, shall, prior to receiving such information or materials, be furnished with a copy of this Protective Order and a copy of the Non-Disclosure Agreement attached hereto as Exhibit A, which the person shall read and sign. Counsel for the party seeking to disclose material designated under this Protective Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Non-Disclosure Agreements. Copies of any such Non-Disclosure Agreements (except for those signed by non-testifying experts or outside consultants who need not be disclosed under Rule 26) shall be provided to counsel for the designating parties or nonparties upon request at any point after both plaintiffs' and defendants' experts have been disclosed in accordance with Rule 26. Counsel shall retain copies of Non-Disclosure Agreements signed by all experts and outside consultants they have

retained, including non-testifying experts or consultants, for a period of two years following the initial conclusion of this action in the district court.

11.  All information and material designated under this Protective Order shall be kept in secure facilities in a manner intended to preserve confidentiality. Access to those facilities shall be permitted only to those persons set forth in Paragraphs 6 and 7 above as persons properly having access thereto.  The recipient of any information or materials designated under this Protective Order shall use best efforts, but at no time less than reasonable efforts under the circumstances, to maintain the confidentiality of such information or materials.

12.  Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure.  Nothing in this Protective Order shall affect any right of any party to redact information or materials for privilege, relevancy or privacy reasons.  Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

13.  In the event that any information or material designated under this Protective Order is used, described, characterized, excerpted, or referenced in, or attached to, any court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceedings; and (iii) the party shall seek to file such material under seal pursuant to the rules of this Court, except that upon the default of the filing party to so designate, any party may do so.  The party seeking to use the material designated under this Protective Order shall comply with all requirements of the Court for filing material under seal.

Counsel for the designating party shall have the right to oppose any request for public inspection.

14. Any information and material produced by nonparties, pursuant to subpoena or otherwise, may be designated pursuant to the terms of this Protective Order by any party or nonparty. Parties are also free to designate discovery information or material produced by other parties or non-parties that contain confidential information of the designating party.

15. A party shall not be obligated to challenge the propriety of the confidentiality designation of any material under this Protective Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with a particular confidentiality designation, the parties shall treat the disagreement as a discovery dispute to be resolved in accordance with the Court's procedures for discovery disputes. The burden of proving that information or material has been properly designated under this Protective Order is on the person or entity designating the information or material under this Protective Order.

16. Nothing in this Protective Order shall preclude any party to the lawsuit or its counsel: (a) from showing information or materials designated under this Protective Order to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any information or materials from the party's own files which the party itself has designated under this Protective Order.

17. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party that designated the materials or information consents in writing to such disclosure, or if a court orders such disclosure. A party requested to disclose information or materials designated under this Protective Order to a nonparty pursuant to a subpoena, civil investigative

demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall object to its production to the extent permitted by applicable law and notify the requesting nonparty of the existence of this Protective Order and that the information or materials requested by the nonparty has been designated under this Protective Order, and shall further give notice of such request, by facsimile and next business day delivery, upon the party which designated the information or materials as soon as is reasonably possible, but in all instances reasonably prior to the date on which such material designated under this Protective Order is requested to be produced to the nonparty.

18. If a party inadvertently fails to designate information or materials, when producing or otherwise disclosing such information or materials, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information or materials disclosed, or as to any other information or materials relating thereto or on the same or related subject matter. As soon as the receiving party is informed by the producing or designating party that it is designating previously produced information or materials as "CONFIDENTIAL," the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the information or materials that it distributed or disclosed to persons not authorized to access such information or materials by Paragraphs 6 or 7 above, as well as any copies made by such persons.

19. All counsel for the parties who have access to information or material designated under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order. The parties agree that they will handle information and documents designated pursuant to this Protective Order in accordance with this Protective Order pending entry of a Protective Order by the Court.

20. Entering into, agreeing to, and/or producing or receiving information or material designated under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

 a. operate as an admission by any party that any particular information or material designated under this Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

 b. operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information or materials designated under this Protective Order;

 c. prejudice in any way the rights of any party to object to the production of information or materials they consider not subject to discovery;

 d. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

 e. prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

 f. prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information or materials; or

 g. prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party or nonparty designating such information or materials.

21. This Protective Order shall not be construed to apply to any information or materials that: (a) are available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the receiving party at the time of disclosure and were not subject to conditions of confidentiality; or (c) a receiving party can demonstrate were developed by that receiving party independently of any disclosure by a designating party or nonparty.

22. In the event that a request for disclosure of information or materials in the possession or control of a person or entity involves the confidentiality rights of a nonparty or disclosure of the information or materials would violate a protective order issued in another action, the party with possession or control of the information or materials will promptly attempt to obtain the consent of the nonparty to disclose the information or materials under this Protective Order. If the consent of the nonparty is refused or otherwise cannot be obtained, the party will promptly thereafter notify the party seeking discovery by the written response due date for such discovery of: (a) the existence and description (to the extent disclosable) of the information without producing such information or materials; and (b) the identity of the nonparty (provided, however, that such disclosure of the identity of the nonparty does not violate any confidentiality obligations). The party seeking discovery may then make further application to the nonparty or seek an order compelling discovery.

23. Within sixty (60) days after the final termination of litigation between the parties, all information or materials designated under this Protective Order and all copies thereof (including summaries and excerpts) shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party

24. Inadvertent Disclosure of Protected Discovery Materials:

    a. Pursuant to Rule 502 of the Federal Rules of Evidence, the

1  inadvertent disclosure of protected discovery materials shall not constitute a waiver
2  of any privilege or other protection (including work product) if the producing party
3  took reasonable steps to prevent disclosure and also took reasonable steps to rectify
4  the error in the event of inadvertent disclosure.  In the event of inadvertent
5  disclosure of protected discovery materials, the producing party shall be deemed to
6  have taken reasonable steps to rectify the error of the disclosure if, within ten (10)
7  business days from the date that the inadvertent disclosure was discovered or
8  brought to the attention of the producing party, the producing party notifies the
9  receiving party of the inadvertent disclosure and instructs the receiving party to
10 promptly return or destroy all copies of the inadvertently disclosed discovery
11 materials.

12        b.    Privileged information inadvertently disclosed by a party will be
13 handled in accordance with the provisions of Federal Rule of Civil Procedure
14 26(b)(5) with the following modifications: (i) upon notification by any party that
15 any discovery materials are subject to a claim of privilege or work product
16 protection, any party that has received such discovery materials shall return such
17 discovery materials to the producing party, or destroy all copies of such discovery
18 materials within ten (10) business days pursuant to Paragraph 22(c) below; (ii) if the
19 receiving party opposes the claim of privilege or work product protection, the
20 receiving party shall file a motion to challenge such claim following the return or
21 destruction of all copies of such discovery materials pursuant to Paragraph 22(d)
22 below, but in no event may such a motion be filed more than ten (10) business days
23 after the information is returned or destroyed; and (iii) disclosure of privileged or
24 work product protected information shall not result in the waiver of any associated
25 privileges or work product protections.

26        c.    Upon receiving notice of an inadvertent disclosure, the receiving
27 party must return or destroy the specified discovery material(s) and all altered and

09617.035 2368149v2

13

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

unaltered hard and electronic copies in the receiving party's possession within ten (10) business days. Destroyed discovery materials may be destroyed, deleted, or rendered inaccessible or disabled. The receiving party must promptly certify that the materials have been returned or destroyed. Notwithstanding the foregoing, the receiving party will not be required to return or destroy any CD-ROM or other form of electronic production containing both inadvertently disclosed privileged materials and non-privileged documents, until the producing party has provided a CD-ROM or other form of electronic production containing all such non-privileged discovery materials. To the extent that the information contained in discovery materials subject to a claim of inadvertent disclosure has already been used or described in other documents or things generated or maintained by the receiving party (including its outside counsel, consultants, experts or other agents), the receiving party must make its best efforts to retrieve and return or destroy those documents or things.

    d.    The receiving party returning materials subject to a claim of inadvertent disclosure shall have ten (10) business days from receipt of notice of the inadvertent disclosure to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection. The receiving party must still return the material within ten (10) business days of receiving notice of the inadvertent disclosure, but may move the Court for an order compelling production of the material following its return. Said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent disclosure. The producing party will have ten (10) business days from being served with a motion to compel to submit to the Court the specified information (in camera or under seal) and the grounds for the asserted privilege or protection.

**IT IS SO STIPULATED.**

DATED: March 28, 2013   COBLENTZ PATCH DUFFY & BASS LLP

*/s/ Lauren S. Kowal*
Lauren S. Kowal
*Attorneys for Defendant*
DISH NETWORK L.L.C.

Attestation

The filer attests that the undersigned counsel concurs in the filing's content and has authorized the filing.

DATED: March 28, 2013   KNAPP, PETERSON & CLARKE

*/s/ André E. Jardini*
André E. Jardini
*Attorneys for Plaintiffs*
DAVID MELAMED and ISSAM ALSHAER

**IT IS SO ORDERED.**

DATED: April 9, 2013

_____
U.S. MAGISTRATE JUDGE
SUZANNE H. SEGAL

09617.035 2368149v2

15

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

# NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have read and am fully familiar with the terms of the Stipulation and Protective Order regarding confidentiality of discovery documents and information entered in *Melamed et al. v. DISH Network L.L.C.*, Case No. 12-8941 DSF (SSx), in the United States District Court for the Central District of California. I hereby agree to comply with and be bound by the terms and conditions of that Protective Order unless and until modified by further Order of that Court. I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of _____, 20___, at _____.

Signed: _____

Address: _____

_____

09617.035 2368149v2

16

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**